# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

MATTHEW BASTIAN

*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 07-30199

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
   ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
   ☐ an offense for which the maximum sentence is life imprisonment or death.
   ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
   ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
   ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
   ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant Matthew Bastian is a 28 year old male who lives alone in Aurora, Illinois. He has never married and he has never fathered any children. He has been employed in his father's company as a Customer Service Representative for the past 2 and ½ years earning $482 weekly. He was unemployed for the two preceding years. He worked for Sam Goody for one year before he became unemployed. He has no other employment history. He has family ties in Illinois with his father and mother (who are divorced from each other) and his two brothers. He has a history of depression, for which he received treatment while in high school. He reports suicidal ideations, present and past. (CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| April 10, 2007 | s/ Mona K. Majzoub |
|---|---|
| Date | *Signature of Judge* |
| | MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

07-30199 USA V MATTHEW BASTIAN                                           PAGE 2

He has used marijuana regularly since the age of 15.  He has no prior criminal record.

     Defendant does not dispute the allegations plead in the Complaint.  Specifically, the Complaint charges defendant with violations of 18 USC 2422(b) and 18 USC 2423(b), and alleges that Defendant knowingly traveled from Illinois to Michigan to engage in illicit sexual contact with a five year old girl, specifically fondling, tickling, and sex games leading to penetration, and oral and digital penetration of the child.

     Defendant unwittingly met the "mother" of the five year old girl on line.  In fact, Defendant was actually chatting on Yahoo Instant Messenger with Detective Finley from the Macomb County Sheriff's Office who was acting in an undercover capacity.  Detective Finley's persona was that of a mother with two children, a five year old daughter and a three year old son.  Defendant's conversations with Detective Finley are captured and transcribed and fill 61 pages of single spaced colloquy.  A review of those conversations, which occur on fourteen separate dates from January 29, 2007 to April 5, 2007, discloses that Defendant openly described his deviant interests to include incest (he thinks about having sex with his mother but doesn't know how to approach her about his fantasy), having an "**open family**"(or what he refers to as "**family fun**", meaning a situation where he is having sex with mother and daughter and all participate together in sexual activities), and bestiality (k9).  He repeats that he fantasizes about his Mom and that he wants more than anything an **open family** (2/9/07 @ 10:10:48 PM).   He thinks about the mom, her daughter and him in bed together, getting undressed a little at a time (2/9/07 @10:24:48 PM).  Then he wants to start massaging the little girl's body, and then "play with her pussy as she rubs my hard cock" while the mom pleasures herself (2/9/07 @ 10:27:48 PM).

He admits that he doesn't date much (2/9/2007 @ 10:30:48 PM) He then wants to know what Emma (the five year old daughter) likes to do sexually and non sexually (2/9/2007 10:44:10 PM).
Then he flatters the "mom" by telling her he can't believe how beautiful she is (3/19/2007/ 5:57:44 PM).  He offers himself as a "play partner" to her for her kids (3/19/2007 @6:12:11 PM).  He opens up that he prefers little girls who are age five and older (3/19/2007 @6:29:22 PM).  When told that Emma is "a little freak" who doesn't need any encouragement from her mother, Defendant starts asking very specific questions about whether Emma had experience with oral sex, and is told "yea, they did oral on each other" (3/192007 @ 6:36:33 PM) to which Defendant responded "Wow, that is cool as hell" and then goes on to admit that his interest in young children began six years prior, but then admits that it started when he was 12 years old.  Defendant next states that he likes little girls, mostly, but "boys if I am in the mood" (3/19/2007 @ 6:43:03 pm).  He fantasizes about sitting in the tub with Emma "washing her as she sits on my cock....playing doctor, that would be intense, massage her and probe her, hehe...69 each other " (3/26/2007 @6;50:13 PM -  6:52:31 PM).

Then as plans are formulating for his trip to Michigan, he tells Detective Finley that "I am so hard.....(just thinking) about the two of you, sorry, you are beautiful and you are in my thoughts" (3/26/2007 @ 7:17:40 - 7:18:32 PM). Upon being told that Emma likes oral sex done to her he says "My God, I am so hard...oh, and I have always wondered how it would feel for my hard cock to be on the floor, kind of sitting up with it horizontal and with her [Emma] sitting over it" (3/28/2007 @ 1:34:54 PM). He repeats his intentions on 3/20/07 when he describes what he wants to do with Emma when he gets there: bathing, massaging, oral.....oh, also me and her sitting on the floor, sitting up with my cock laying flat, and her moving forward and back, tickling a bit....." (3/29/2007 @ 6:25:09 PM et seq). As the travel day nears, Defendant says "that seeing you guys and to be so open and free with you guys will feel so amazing" (4/1/2007 10:15:46 PM). When they discuss penile penetration Defendant wants to know if Emma "gets wet" and wants the details of everything she has done (4/1/2007 @ 10:31:05 PM) but insists that the last thing he wants is to cause Emma any pain and insists there is no way he would allow that to happen (4/1/2007 @ 10:32:11 and 21). He is "looking forward to the morning when I get to meet Emma" (4/2/2007 @ 10:50:45 PM).

Defendant became concerned that he was communicating with "a cop" and made the undercover detective swear that she was not (4/5/2007 @ 12:35:31 AM). Notwithstanding his fear the potential risk he faced, he fell back into his own world, stating: "It is hard to meet people like that. I feel so lucky.....[who] understand the closeness and the love that a family should have....to be so free and open around and with each other...wanting Emma to learn the right way, and not having to hunt for it "where she would have it at any time at home and not risk getting std, too, which is a big risk for kids nowadays....." (4/5/2007 12:37:59 - 12:40:48 AM).

He reiterates his fears that "this is a set up", that "you are just soooooooooo perfect and amazing, the too good to be true thing." When Detective Finley assures him that it is not a set up and that he can call if off and forget it if he is worried, he responds "No, I like you too much" .....I will regret it forever if I don't see you"   (4/5/2007 10:15:24 PM - 10:15:47 PM).

On April 6, 2007 Defendant traveled to Michigan for the purpose of having sex with five year old Emma. He was arrested at the apartment complex in Harrison Township without incident, and admitted to wanting to engage in oral se and digitally penetrate the five year old female.

This is a presumption case. Defendant argues that because many of the on-line conversations discuss Defendant's interest in sex with the mother, that his intentions were not totally prurient. Defendant offers the Pretrial Services Report recommendation to rebut the presumption of detention. Defendant further argues that he was cooperative upon being arrested, that he admits he has a "problem" and is willing to submit to private therapy sessions, which have been arranged for by his mother, and that he is capable of complying with conditions of bond.

Defendant poses a clear and convincing danger to the community. His behavior is clearly

predatory, and notwithstanding the fact that he intended to sexually engage a five year old girl with penetration, digital and otherwise, masturbation and oral sex, he deludes himself by actually believing that he would never harm her and that he is saving her from std's, teenage sex with "punk" boys, an unwanted pregnancies in her future. His desire to engage this five year old girl was so strong that it overshadowed his stated fear of being "set up" by a cop.  His titillation at the thought of **"family fun"** was so overwhelming that he could not stop himself from this pursuit.  It is this concept of the **"open family"** that drives this defendant's behaviors.  Defendant's interest in the mother was merely as a conduit to her daughter.  He reveled in the permissiveness of a woman that would let him molest her five year old daughter with approval.  He does not have the ability to use good or even poor judgment; he does not know right from wrong, and he does not function within the boundaries of a civilized society.

       Defendant faces 40 years and is 28 years old.  He has no ties to this District.  Defendant's arguments do not rebut the presumption of detention.  Although both parents state that he would be allowed to live in either of their homes (in Illinois), third party custody is not appropriate when defendant poses the extreme danger to society that this defendant presents.  Defendant is not in control of his thoughts or actions, his reality is a perverse, depraved, and predatory world.  He is controlled an consumed by the most deviant of behaviors.  No condition or combination of conditions would assure the safety of the community or the appearance of Defendant at trial.  Detention is therefore Ordered.